[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14414
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20074-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY RICHARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 29, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Harry Richard appeals his convictions for conspiracy to import and to

possess with intent to distribute 500 grams or more of cocaine, and the

"[i]mport[ation] of and possession with intent to distribute 500 grams or more of cocaine." Richard makes two arguments on appeal: (1) that the district court erred by giving a jury instruction on deliberate ignorance; and (2) that there was insufficient evidence to support a conviction, because there was no evidence that he had the requisite knowledge.

## I.    The Deliberate Ignorance Instruction

We review de novo a challenge to a deliberate ignorance instruction. United States v. Stone, 9 F.3d 934, 937 (11th Cir. 1993). The district court has broad discretion to formulate the instructions it gives the jury as long as the charge as a whole accurately reflects the law and the facts. United States v. Williams, 526 F.3d 1312, 1320 (11th Cir. 2008). We will only reverse a conviction based on a jury instruction error "if we are left with a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations." United States v. Puche, 350 F.3d 1137, 1148 (11th Cir. 2003) (quotation marks omitted).

"An instruction on deliberate ignorance is appropriate only if it is shown that the defendant was aware of a high probability of the fact in question and that the defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." Id. at 1149 (quotation marks omitted). The standard is the same whether the evidence "point[ing] in the

2

direction of deliberate ignorance" is direct or circumstantial.  United States v. Arias, 984 F.2d 1139, 1143 (11th Cir. 1993) (quotation marks omitted).

District courts give a deliberate ignorance instruction in error when there is relevant evidence only of actual knowledge rather than deliberate avoidance. United States v. Steed, 548 F.3d 961, 977 (11th Cir. 2008).  This error is harmless, however, if the jury was properly instructed that finding deliberate ignorance requires proof beyond a reasonable doubt, the jury was also instructed on the theory of actual knowledge, and there was sufficient evidence to support the actual knowledge theory.  Stone, 9 F.3d at 937–38; see also Steed, 548 F.3d at 977.

The facts here support an inference that Richard was aware of a high probability that he was transporting contraband and deliberately avoided learning more.  Mr. Vital, a new acquaintance, paid for Richard's roundtrip ticket to Haiti, Mr. Vital's cousin paid for Richard's hotel in Haiti, and Mr. Vital was going to give him additional money upon his return from Haiti.  Apparently, all Richard had to do in return was bring clothes to Mr. Vital's family member in Haiti.  When he was in Haiti, Mr. Vital's cousin took Richard's personal suitcase, brought back a different suitcase, and then packed Richard's belongings in the new suitcase.

"Not surprisingly, this is not the first time a criminal defendant has obtained a package under suspicious circumstances, been paid an exorbitant sum to transport it, and then claimed surprise when the luggage was revealed to be a

3

conduit for moving illegal drugs." United States v. Hristov, 466 F.3d 949, 953 (11th Cir. 2006) (citing cases). "We have upheld a deliberate ignorance instruction in other cases in which drug couriers have avoided knowledge of the contents of their parcels." Arias, 984 F.2d at 1144. Similarly, we conclude that the district court did not commit error in giving the deliberate ignorance instruction in this case.[1]

## II.    Sufficiency of the Evidence

We review de novo whether the record has sufficient evidence to support a jury's verdict in a criminal trial. United States v. Jiminez, 564 F.3d 1280, 1284 (11th Cir. 2009). Evidence is viewed in the light most favorable to the government with all reasonable factual inferences drawn in favor of the verdict, and will be sufficient to support a conviction if a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. Id. at 1284–85.

Richard only argues that there was insufficient evidence to support the knowledge element of his offenses. Each of Richard's convictions required proof of knowledge. His conspiracy convictions (counts 1 and 3) required proof of a knowing and voluntary participation in an illegal agreement. United States v. Arbane, 446 F.3d 1223, 1228 (11th Cir. 2006); United States v. McDowell, 250

---

[1] Also, because the jury was properly instructed that finding deliberate ignorance requires proof beyond a reasonable doubt and on the theory of actual knowledge, and there was sufficient evidence for Richard's convictions under the actual knowledge theory, any purported error in giving the deliberate ignorance instruction was harmless. See Stone, 9 F.3d at 937–38.

F.3d 1354, 1365 (11th Cir. 2001). His convictions for importation of and possession with intent to distribute controlled substances (counts 2 and 4) required proof that Richard knew that he was importing and knew he possessed controlled substances, respectively. United States v. Peart, 888 F.2d 101, 104 n.2 (11th Cir. 1989).

The evidence was sufficient for a reasonable fact-finder to conclude beyond a reasonable doubt that Richard had the requisite knowledge. For example, in addition to the previously discussed evidence, Richard was entrusted with approximately three kilograms of cocaine, worth around $75,000. See United States v. Quilca-Carpio, 118 F.3d 719, 722 (11th Cir. 1997) ("A reasonable jury could infer from the quantity of drugs seized that a 'prudent smuggler' is not likely to entrust such valuable cargo to an innocent person without that person's knowledge."). Also, Richard initially lied to the customs agent when asked about his bag, his demeanor was suspicious, and he did not appear surprised at the discovery of cocaine in his luggage. See United States v. Almanzar, 634 F.3d 1214, 1222 (11th Cir. 2011); United States v. Leonard, 138 F.3d 906, 909 (11th Cir. 1998). Further, the "unusual weight of the roller-bag" can also support an inference of knowledge. See Quilca-Carpio, 118 F.3d at 722.

### III.    Conclusion

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**